STATE EX REL. SCHROEDER, Appellant, vs. FEUERSTEIN, Respondent.

*December 10, 1914—January 12, 1915.*

Quo warranto: *Complaint: Sufficiency: School district officers: Term of office: Statute construed.*

1. In a complaint in an action of *quo warranto* challenging defendant's title to the office of clerk of a school district, an allegation that the electors of the district cast 602 votes, of which defendant received 301, must upon demurrer be construed as equivalent to an allegation that 602 *legal* votes were cast and that the defendant received 301 *legal* votes; and, a majority of the votes cast being required to elect, such allegation also sufficiently shows, as required by sec. 3468, Stats. 1913, in what respect defendant's election was illegally declared.

2. Under sec. 431, Stats. 1913, providing that school district officers shall hold office for "three years and until their successors have been elected or appointed, but not beyond ten days beyond the expiration of their term of office without again being elected or appointed," the term of office of a school district clerk does not expire until his successor is elected or appointed, and he may hold for a period of ten days thereafter if his successor does not qualify within that time.

APPEAL from an order of the circuit court for Outagamie county: JOHN GOODLAND, Circuit Judge.    *Affirmed.*

Action of *quo warranto* challenging defendant's title to the

office of clerk of school district No. 3 in the city of Appleton. The defendant demurred to the complaint because it appears upon the face thereof (1) that the court has no jurisdiction of the person of the defendant; (2) that the court has no jurisdiction of the subject matter of the action; (3) that the plaintiff is not the real party in interest and makes no claim of right or title to the office in question; and (4) that the complaint does not state facts sufficient to constitute a cause of action. The trial court sustained the demurrer on the latter ground, and that is the only basis upon which the defendant seeks to sustain the court's ruling.

It appears from the complaint that plaintiff was a resident of and qualified elector in school district No. 3; that the defendant three years prior to July 7, 1913, had been elected clerk of said school district, and that pursuant to law an election on said last mentioned date was held to elect a successor to him because it was alleged his term of office would expire on that date. The material allegations of the complaint challenged by the last ground of the demurrer are these:

"That on the said 7th day of July, 1913, and in the evening of said date, the annual school meeting was held in and for said third school district of said city, at the place aforesaid, pursuant to law, for the election, among other things, of a school district clerk of said district, for a term of three years from said 7th day of July, A. D. 1913; that at and before said meeting there were three candidates for said office of school district clerk seeking the election of school district clerk before the electors of said annual school meeting of said district, viz. Mr. George C. Limpert, a Mr. Warmington, and *Charles A. Feuerstein,* defendant herein; and upon a vote being taken at said meeting by the electors thereof, for the purpose of electing a school district clerk from one of said candidates, one of said candidates, viz. Mr. George C. Limpert, received a total of two hundred and ninety-eight (298) votes, another of said candidates, viz. a Mr. Warmington, received a total of three (3) votes, and another of said candi-

dates, viz. *Mr. Charles A. Feuerstein,* the defendant herein, received a total of three hundred and one (301) votes, and the total number of votes cast for school district clerk at said meeting were six hundred and two (602) ; that neither of said candidates at said meeting received a majority, as by law required, so as to elect him school district clerk at said annual school meeting, and that no school district clerk thereby at said meeting was elected; that thereupon and before an election of a school district clerk could be had by a majority vote, the chairman of said meeting, notwithstanding and disregarding said vote and the number of votes that each of said candidates received, and that no candidate had received a majority thereof, unlawfully declared said *Charles A. Feuerstein,* defendant herein, elected school district clerk, and the said meeting thereupon adjourned, notwithstanding the fact that he, the said defendant *Charles A. Feuerstein,* did not receive a majority of the votes cast, so as to entitle him to be elected as such clerk, and to authorize the chairman of said meeting, or any member thereof, to declare him, the said *Charles A. Feuerstein,* elected school district clerk for the ensuing term, as clerk of said school district; that neither of said other candidates withdrew their names, nor consented to said defendant's so-called election, as announced at said meeting; that thereafter no appointment of school district clerk has been made, as by law required, to fill such vacancy.

"That by reason of said unlawful proceedings aforesaid, and that said defendant herein did not receive a majority of votes cast for school district clerk, and was not thereby elected, the qualified electors of said school district No. 3 were and are deprived of their right of franchise to choose by their ballots, and thereby make choice, by majority vote, and to thereby select and elect a school district clerk of said district.

"That there now is a vacancy in the office of school district clerk of said district, and was prior to the commencement of this action, and that such vacancy has not been filled, as by law required, as plaintiff is informed and verily believes.

"That on and beyond ten days from the date when said *Charles A. Feuerstein's* office as school district clerk would expire, as aforesaid, the defendant, *Charles A. Feuerstein,* usurped and intruded into said office of school district clerk

of said school district No. 3, and has ever since unlawfully exercised said office, and still holds the same, with the fees and emoluments thereof, and threatens to, and will unless restrained by court, collect, hold and receive the fees and emoluments of said office, and perform important duties in connection with said school district and in the management thereof, and enter into certain contractual relations, without authority in law, or by being duly authorized to do so."

Plaintiff appealed from an order sustaining the demurrer.

For the appellant there was a brief by *Lehr, Kiefer & Reitman,* attorneys, and *J. Elmer Lehr,* of counsel, and oral argument by *Leo Reitman.*

For the respondent the cause was submitted on the brief of *Francis J. Rooney* and *Francis W. Grogan.*

Vinje, J.   Sec. 3466, Stats. 1913, provides that a private person may in the name of the state bring an action of *quo warranto* without leave of the attorney general when the office usurped pertains to a county, town, city, village, or school district.   Complainant, therefore, is competent to maintain the action.

It is urged the complaint is defective because it does not allege the number of legal votes cast nor does it state in what respect the certificate of election of the defendant was improperly or illegally issued, as required by sec. 3468, Stats. 1913.   The statement in the complaint that the electors of the district cast 602 votes, of which the defendant received 301, must upon demurrer be construed equivalent to an allegation that 602 legal votes were cast and that the defendant received 301 legal votes.   The complaint, therefore, sufficiently shows in what respect defendant's election was illegally declared, for sub. (3), sec. 430, Stats. 1913, requires a majority to elect.   It shows that defendant was declared elected upon less than a majority of the votes and for that reason he was not lawfully elected.

This brings us to the crucial question of the case, and that

is, Does defendant lawfully hold over? Sec. 431, Stats. 1913, provides that school officers shall "hold their respective offices for three years and until their successors have been elected or appointed, but not beyond ten days beyond the expiration of their term of office without again being elected or appointed." Under the language of the above section is the term of office of a school officer "three years" or is it "three years and until their successors have been elected or appointed?" Clearly they cannot lawfully hold office more than ten days beyond their term. If the clerk's term of office was "three years," then he was unlawfully intruding into the office, for more than ten days had elapsed since his term expired. On the other hand, if his term of office was "three years and until his successor had been elected or appointed," then the complaint shows he is lawfully holding over, for it negatives an election or appointment of a successor to him. It must be confessed the language of the statute is not very clear and is susceptible of either construction. But in view of other statutory provisions relating to school officers we have reached the conclusion that the term of office of a clerk or director does not expire till his successor has been elected or appointed. The treasurer holds his office till his successor shall be elected or appointed and *qualified*. Sec. 443, Stats. 1913. A person elected to a school office has ten days within which to notify the clerk that he will not serve (sec. 431), and one appointed has five days in which to notify the clerk (sec. 433). No provision for a vacancy is made in case of a failure to elect, though provisions are made for other contingencies. See sec. 433*a*. In view of these statutory provisions it seems to have been the legislative intent that a clerk once duly elected should hold office till his successor is elected or appointed and for a period of ten days thereafter if his successor does not qualify within that time, but no longer without a re-election or re-appointment. This construction is in consonance with the provisions of sec. 443 relating to the treas-

urer and prevents a vacancy in case of a failure to elect. It is also in harmony with the general rule that an officer hold his office till his successor is elected or appointed and qualifies. The reason for such a rule is that there may always be an incumbent to discharge the duties of the office.

Since the complaint shows that there was no lawful election of a successor to the defendant at the annual school meeting in 1913, he holds over by force of statute, and the demurrer was properly sustained.

*By the Court.*—Order affirmed.

WINSLOW, C. J., dissents.